**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4201

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADOLFO SOLANO MEDEL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00192-CCE-1)

Submitted:  September 28, 2023                Decided:  October 3, 2023

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Margaret McCall Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adolfo Solano Medel pled guilty to illegally reentering the United States as a deported felon, in violation of 8 U.S.C. § 1326(a), (b)(1). The district court sentenced Medel to 72 months' imprisonment, a term below the Sentencing Guidelines range, and 3 years' supervised release. On appeal, Medel's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Medel's guilty plea is valid and whether his sentence is reasonable. Although notified of his right to do so, Medel has not filed a pro se supplemental brief. The Government has declined to file a response brief. Finding no error, we affirm.

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Thus, before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that the defendant understands, the charge to which he is pleading guilty, the maximum and mandatory minimum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary and not the result of threats, force, or promises outside those in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a sufficient factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

2

Because Medel did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To prevail under this standard, Medel must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). A defendant who pled guilty establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 427 (4th Cir. 2015) (cleaned up). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Medel's guilty plea is valid.

As for Medel's sentence, we review "all sentences—whether inside, just outside, or significantly outside the Sentencing Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Any sentence that is within or below a properly calculated

3

Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

During the sentencing hearing, the district court accurately calculated Medel's advisory Guidelines range, listened to Medel's allocution, considered Medel's arguments and the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Medel's sentence is procedurally reasonable. We further conclude that Medel has failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Medel, in writing, of the right to petition the Supreme Court of the United States for further review. If Medel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Medel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*